## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA FRANKS, | : CIVIL ACTION NO. 2:23-cv-01762 |
| PLAINTIFF, | |
| VERSUS | : JUDGE JAMES D. CAIN, JR. |
| STATE FARM GENERAL INSURANCE COMPANY, | : MAGISTRATE JUDGE THOMAS P. LEBLANC |
| DEFENDANT. | |

### AMENDED PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Petitioner, Sandra Franks, who respectfully submits this Amended Petition for Damages against Defendant, State Farm General Insurance Company, and further respectfully avers as follows:

### PARTIES

**1.**

Made Petitioner herein is Sandra Franks ("Petitioner"), a person of the full age of majority and resident of Singer, Louisiana.

**2.**

Made Defendant herein is State Farm General Insurance Company ("Defendant"), an Illinois insurance company authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, the Louisiana Secretary of State, at 8585 Archives Ave, Baton Rouge, LA 70809.

### VENUE AND JURISDICTION

**3.**

Jurisdiction is proper in this Honorable Court under LA CONST art. 5, § 16.

**4.**

Venue is proper in this Honorable Court pursuant to Article 74 of the Louisiana Code of Civil Procedure.

### I.    FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Petitioner owned the Property located at 109 Charlie Cooley Rd, Singer, Louisiana 70660, (hereinafter referred to as "Insured Property").

**6.**

At the time of Hurricane Ida, and through the present, the Petitioner was and still is the owner of the Property.

**7.**

At all times relevant hereto, Defendant provided a policy of insurance, bearing Policy Number 18CGB8476 (hereafter the "Policy") to Petitioner which insured the Insured Property against perils including wind, hail, and water.

**8.**

The Policy was in full force and effect at the time of the covered loss event that is the subject of the instant lawsuit.

**9.**

On the morning of August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a Category four hurricane with maximum sustained winds of 145 miles per hour.

**10.**

After making landfall, Hurricane Ida traveled northwest towards Houma, Louisiana, and then north where it slowly weakened for the remainder of the afternoon and evening, by the time the eye crossed I-10 near Reserve & LaPlace, Louisiana, it was a category three hurricane with maximum sustained winds of 115 mph.

**11.**

The damage from wind and storm surge was catastrophic over Southeast Louisiana, especially over Terrebonne and Lafourche Parishes. Major wind impacts occurred over the remainder of Southeast Louisiana into Southern Mississippi.

**12.**

Hurricane Ida caused extensive damage to the Property.

**13.**

Hurricane Ida caused substantial amounts of damage to the exterior, interior, and roof of the Insured Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the buildings, as well as to the structure of the buildings.

**14.**

In compliance with the Policy, Petitioner provided timely notice of the loss event to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible.

**15.**

Upon notification of the loss event, Defendant performed an initial inspection of the loss and damage to the Insured Property. Thereafter, Defendant, together with its loss consultants, inspected the Insured Property on several occasions, and multiple loss and repair estimates were exchanged on the claim.

**16.**

Petitioner, in compliance with the terms of the Policy, cooperated with Defendant and its consultants and always made the Insured Property available for inspection. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Property.

**17.**

The payments made to date to the Petitioner for damages caused by Hurricane Ida are woefully inadequate to cover the costs to repair the Residence and other structures despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant at the time of the adjusters' inspections.

**18.**

As a result of Defendant's delays and failure to pay the amounts due under the policy, Petitioner has had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**19.**

Defendant failed to pay the amount due to Petitioner in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Petitioner's property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**20.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Property because of Hurricane Ida. Defendant failed to pay Petitioner

the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than 60 days.

**21.**

Defendant breached its affirmative duties under LSA-R.S. 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**22.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Petitioner has continued to work with Defendant and its consultants to ensure compliance with Petitioner's duties under the Policy.

**23.**

Defendant's failure to timely pay benefits owed under the Property has placed the Insured Property at risk for future damage and exacerbated the consequences of the existing damage.

**24.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy and has wrongfully or unfairly limited payment on the Petitioner's claims.

**25.**

As a result of the damage to the Insured Property caused by Hurricane Ida, Petitioner has incurred additional extra expenses.

**26.**

Because of Defendant's failure to timely compensate Petitioner for losses that are clearly covered and owed under the Policy, Petitioner has and will continue to sustain and/or incur additional losses and extra expenses, including increased costs of construction, repair, and remediation.

**27.**

But for Defendant's wrongful conduct, Petitioner could have completed repairs and resumed living in the Insured Property, in the same manner they did prior to the loss event, well prior to the date that the repairs are ultimately completed.

**28.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Petitioner has incurred professional expenses, including expert and/or attorney's fees, to

determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Petitioner's claims.

**29.**

Defendant's acts and omissions in failing to pay Petitioner the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**30.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricane Ida, Petitioner has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

### A. Breach of Insurance Contract.

**31.**

Petitioner re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**32.**

The Policy is an insurance contract between Petitioner and Defendant that provides coverage for the losses resulting from Hurricane Ida.

**33.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Petitioner under the Policy.

**34.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

      (i)     purposely and/or negligently failing to timely tender undisputed insurance proceeds;

      (ii)    purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the relevant Policy;

      (iii)   conducting the investigation and claims handling in bad faith; and

(iv)    failing to adequately compensate Petitioner for the damages to the Insured Property, as required by the Policy.

**35.**

Petitioner has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

**B. Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.**

**36.**

Petitioner re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**37.**

Under LSA-R.S. §22:1892(A)(1) & (A)(4), Defendant is obligated to make a written offer to settle any property damage claim and pay the amount of any claim due to its insured within thirty (30) days after receipt of satisfactory proof of loss. Under Louisiana law, Defendant is deemed to have received satisfactory proof of loss as of the date of its initial inspection of the damage to the Insured Property. The statutory timelines that insurers, such as Defendant, must comply with regarding payment of claims commences from the date of the initial inspection, not from the date that it receives any final report from its insurer.

**38.**

Defendant's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of La. Stat. Ann. §22:1892(A)(1), which subjects Defendant to the penalty imposed under §22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

**39.**

Under LSA-R.S. § 22:1973, Defendant has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after receiving satisfactory proof of loss when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duties under LSA-R.S. 22:1973. In addition to the general or specific damages to which the insured is entitled to as a result of Defendant's breach, Defendant's

failure to comply with the 60-day timeline subjects Defendant to a penalty equal to two (2) times the damages sustained or $5,000, whichever is greater. LSA-R.S. 22:1973(C).

**40.**

Defendant received satisfactory proof of the loss and had knowledge of the insurance benefits due to the Petitioner after its initial inspection of the damage to the Insured Property. However, Defendant failed to pay Petitioner even the undisputed amounts owed under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss. Defendant's failure to make such payments within thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause.

**41.**

Defendant is therefore in breach of its affirmative duties and obligations imposed under both LSA-R.S. 22:1892 and §22:1973. Because of Defendant's breach of its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant is liable to Petitioner for all additional damages resulting from Defendant's breach and, a penalty equal to two times the amount of actual damages sustained, or $5,000, whichever is greater, plus attorneys fees, and costs, pursuant to LSA-R.S. 22:1973.

**42.**

As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss caused by Hurricane Ida and its ongoing breaches of its affirmative duties of good faith and fair dealing, Petitioner is entitled to all additional damages and penalties recoverable under both LSA-R.S. 22:1892 and §22:1973 in an amount to be determined at trial.

## **DAMAGES**

**43.**

Petitioner re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**44.**

As a result of the actions of the Defendant, Petitioner has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the Property:

      a.    Damage to the building and other structures located at the Insured Property;

      b.    Mitigation, remediation and repair costs;

c.  Diminution in value;

d.  Lost and/or damaged personal property;

e.  Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

f.  Additional living expenses;

g.  Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub- coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

h.  Mental anguish and other consequential damages caused by Defendant's breaches;

i.  Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

j.  Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## **JURY DEMAND**

### **45.**

Petitioner demands a trial by jury for all of her claims.

**WHEREFORE,** as a result of the above, Petitioner, Sandra Franks, respectfully prays that, Defendant, State Farm General Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings are had, there be a judgment entered in favor of Petitioner, and against Defendant, State Farm General Insurance Company, in an amount that will fully and fairly compensate Petitioner for all loss and damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, for all attorney's fees, and for all other and further general and equitable relief that this Honorable Court finds reasonable in the premises.

**PANDIT LAW FIRM, LLC**
**BY:**   /s/ Seth Kerr
**RAJAN PANDIT**, Bar No. 32215
**SETH KERR**, Bar No. 39755
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:   (504) 313-3800
Facsimile:   (504) 313-3820
Email:        rpandit@panditlaw.com
              skerr@panditlaw.com

and

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC**

**MATTHEW M. MIZE**, Bar No. 33993
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone:    (337) 433-0234
Fax:            (337) 433-8595
Email:            mmm@rmwlegal.com

***Counsel for Plaintiff***