UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SANDRA FRANKS** | **:** | **CIVIL ACTION NO. 2:23-cv-01762** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the undersigned's **RECOMMENDATION**, issued *sua sponte*, that this matter be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and failure to follow the rules and orders of this court.

The complaint in this matter was filed two years ago, on August 21, 2023, against defendant State Farm Fire & Casualty Company ("State Farm"). Doc. 1, att. 5.  State Farm subsequently removed the matter to this court on December 15, 2023. Doc. 1.  On March 17, 2025, Plaintiff's counsel filed a Motion to Withdraw, citing their inability to contact Plaintiff since March 2024. Doc. 18, ¶ 2.  As the withdrawal of Plaintiff's counsel would leave Plaintiff *pro se*, the court deferred ruling on the Motion [doc. 18] and ordered that Plaintiff's counsel and Plaintiff herself participate in a telephone conference with the undersigned to discuss the matter on June 12, 2025. Doc. 23.  The court also ordered Plaintiff's counsel to serve Plaintiff with a "Notice to Plaintiff about Responsibilities of Pro Se Representation" (the "Notice"), obtain her signature on such Notice, and file it into the record when completed. *Id.*

Approximately one month before the scheduled teleconference, Plaintiff's counsel filed a certificate of compliance into the record, evidencing that the Notice was sent to Plaintiff. Doc. 24. During an unrelated status conference on May 20, 2025, however, counsel for both parties expressed their concern regarding the inability to contact Plaintiff and how it was affecting the progress of the instant action. Doc. 25. Accordingly, the court ordered Plaintiff's counsel to engage a private investigator or other such services to attempt to physically locate Plaintiff. *Id.* The court further ordered defense counsel to review its file and provide Plaintiff's counsel with any contact information for Plaintiff in State Farm's records that differs from the information provided by Plaintiff's counsel in their Motion to Withdraw [doc. 18]. Doc. 25.

Two days before the teleconference regarding the Motion to Withdraw [doc. 18], Plaintiff's counsel advised that Plaintiff had been served with and signed the Notice. Doc. 26. During the June 12, 2025, teleconference, Plaintiff's counsel explained that the Notice was served on Plaintiff through a private investigator and that Plaintiff had provided updated contact information to the investigator. Doc. 27. Counsel explained, however, that contact efforts using this new information were still unsuccessful. *Id.* Thus, Plaintiff's counsel were unable to secure Plaintiff's participation on the teleconference, as previously ordered. Doc. 27. Accordingly, the court ordered that an affidavit of service executed by the private investigator be filed into the record along with an unredacted version of the signed Notice, to include Plaintiff's new contact information. *Id.* Upon filing of this affidavit, the Motion to Withdraw [doc. 18] was to be granted.

At the conclusion of this teleconference, a Scheduling Conference was set for July 29, 2025, in which Plaintiff was ordered to participate. Doc. 27. In this Order, the court specifically warned Plaintiff that in the event she fails the participate in the Scheduling Conference, "the undersigned will issue a recommendation that his action be dismissed for plaintiff's failure to

prosecute." *Id.* On June 13, 2025, Plaintiff's counsel filed a Notice of Compliance advising that the court's June 12, 2025, Orders were served on Plaintiff through FedEx. Doc. 28. This Notice of Compliance was also accompanied by the private investigator's affidavit of service and Plaintiff's unredacted, signed Notice with her updated contact information. *Id.*

On July 29, 2025, a Scheduling Conference was initiated with the undersigned wherein Plaintiff's counsel appeared, but Plaintiff herself did not. Doc. 30. As counsel for State Farm also failed to appear, the Scheduling Conference was terminated and reset to August 26, 2025. *Id.* The court, again, warned Plaintiff that in the event she fails the participate in the reset Scheduling Conference, "the undersigned will issue a recommendation that his action be dismissed for plaintiff's failure to prosecute." *Id.* The court also noted that the pending Motion to Withdraw [doc. 18] would be resolved during the reset Scheduling Conference. *Id.*

While the court had Plaintiff's counsel on the call, however, it advised counsel of certain deficiencies with the most recent Notice of Compliance, namely: (i) the attached Affidavit of Process Server [doc. 28, att. 1] did not indicate the address at which Plaintiff was served and did not indicate how the process server confirmed the person served was Plaintiff; and (ii) the Notice of Compliance did not contain confirmation that Plaintiff received counsel's correspondence forwarding a copy of the June 12, 2025, Minutes and Order. Doc. 30. Accordingly, the court ordered Plaintiff's counsel to serve Plaintiff with the Minutes and Orders from the July 29, 2025 Scheduling Conference [doc. 30] and to file a supplemental Affidavit of the private investigator who originally served Plaintiff. *Id.* On August 8, 2025, Plaintiff's counsel filed a supplemental Affidavit of the private investigator and a Notice of Compliance evidencing service of the July 29, 2025, Minutes and Orders [doc. 30] on Plaintiff, personally. Doc. 31. As belts and suspenders, the court also ordered the Clerk of Court to mail to Plaintiff a copy of the July 29, 2025, Minutes and

Order, *see* doc. 30, which the Clerk of Court did on July 30, 2025.  To date, the Clerk of Court's mailing to Plaintiff has not been returned.

On August 26, 2025, the court held a Scheduling Conference at which all counsel were present. Doc. 32.  Plaintiff, again, failed to appear. *Id.*  During the conference, Plaintiff's counsel indicated they have still been unsuccessful in contacting Plaintiff. *Id.*  Specifically, they indicated that other than the service through the private investigator they have not been able to reach Plaintiff since March 2024. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021)(discussing *Berry*).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

As noted above, Plaintiff has failed to have meaningful contact with her counsel for over a year, hindering the progress of this action and leading to a Motion to Withdraw [doc. 18] by her counsel, which this court has granted this date.  Further, after being given ample opportunity and notice, Plaintiff has failed to appear at any conference as ordered by this court, ignoring multiple warnings that failure to appear would result in dismissal of this action.

For the foregoing reasons, it is **RECOMMENDED** that the district court exercise its sanctioning authority and **DISMISS** this matter **WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that the Order of Dismissal allow Plaintiff to reinstate this civil action within thirty (30) days after dismissal for good cause shown.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 27th day of August, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**